IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALEX GARVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23-cv-1352 (LMB/WEF) |
| ) | |
| BODE TECHNOLOGY and LABORATORY ) | |
| CORPORATION OF AMERICA ) | |
| HOLDINGS (LAB CORP), ) | |
| ) | |
| Defendants. | |

ORDER

Before the Court are defendants Body Technology and Laboratory Corporation of American Holdings (collectively, "defendants") Motions to Dismiss pro se plaintiff Alex Garvin's ("plaintiff") Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). [Dkt. Nos. 13, 16]. Defendants argue that the Court lacks subject matter jurisdiction over the Complaint, which was filed on October 4, 2023 and which alleges patent infringement under 35 U.S.C. § 271, because it was filed six days before the United States Patent 11,781,127 B2 was issued to plaintiff on October 10, 2023, meaning that no justiciable case or controversy existed when plaintiff filed the Complaint. See id.

Federal courts must determine whether, at the time of filing, "they have subject-matter jurisdiction over a claim before proceeding to address its merits," Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n, 814 F.3d 221, 228 (4th Cir. 2016); GAF Bldg. Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 482 (Fed. Cir. 1996). "Jurisdiction is power to declare the law and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868).

Generally, a civil action can be filed in a federal court only if there is diversity of citizenship among the parties, see 28 U.S.C. § 1332, or the claims pose a "federal question," see 28 U.S.C. § 1331. Diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant," Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)), as well as an allegation of damages in excess of $75,000, 28 U.S.C. § 1332. A federal question exists "when the plaintiff in good faith asserts a right the correct decision of which depends wholly or in part upon the construction or application of the Constitution, laws, or treaties of the United States." Miller v. Long, 152 F.2d 196, 197 (4th Cir. 1945) (internal quotation omitted).

Although the Complaint alleges that its claims arise under a "[f]ederal question" and the Court is mindful of its responsibility to be "solicitous of pro se complaints," subject matter jurisdiction does not exist here because the Complaint does not present a justiciable case or controversy. [Dkt. No. 1] at 3; Blizzard v. Dalton, 876 F. Supp. 95, 99 (E.D. Va. 1995). Article III, Section II of the United States Constitution vests power in the federal courts to resolve cases or controversies, and a controversy "must be one that is appropriate for judicial determination," in that it is "definite and concrete," and not "hypothetical." Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 239-41 (1937). Because the Complaint was filed six days before the issuance of the relevant patent, it merely alleges a dispute over the "hypothetical" infringement of a future patent not in existence at the time of filing. A "threat is not sufficient to create a case or controversy unless it is made with respect to a patent that has issued before a complaint is filed." GAF Bldg. Materials Corp., 90 F.3d at 482. Accordingly, defendants' Motions to Dismiss [Dkt. Nos. 13, 16] are GRANTED, and it is hereby

ORDERED that plaintiff's Complaint be and is DISMISSED WITHOUT PREJUDICE.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and plaintiff, pro se, and to close this civil action.

Entered this 16th day of November, 2023.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge